CASE 80—ACTION INVOLVING JUDGMENT LIEN AGAINST SURETIES ON
BONDS OF TAX COLLECTORS—MAY 29.

# Johnson v. Catron & Others.

### APPEAL FROM KNOX CIRCUIT COURT.

JUDGMENT DISMISSING CROSS ACTION OF D. A. JOHNSON AND HE AP-
PEALS. AFFIRMED.

TAX COLLECTORS—LIEN OF JUDGMENT AGAINST SURETIES—ELECTION TO
TAKE EXECUTION INSTEAD OF ADJUDGING A LIEN.

Held: General Statutes, chapter 92, article 11, section 9, (now Ken-
tucky Statutes, section 4176), providing that judgments in the
name of the Commonwealth against sheriffs and their sureties
"shall bind the estate, legal or equitable, of all of the defendants
to said judgments from the commencement of the action or mo-
tion till satisfied," does not give a lien upon the property of the
surety, where only a personal judgment is rendered, and no lien
is adjudged, and therefore no lien exists until execution is de-
livered to the proper officer to execute, as in other cases, and a
purchaser from the surety prior to that time takes a perfect title.

JOHN T. HAYES, ATTORNEY FOR APPELLANT.

1. General Statutes, chapter 92, article 11, section 9, provides that
"judgments in the name of the Commonwealth against sheriffs
and other public collectors, their surety or the heirs, devisees
or personal representatives or any of them, *shall bind the es-
tate legal and equitable of all the defendants to said judgment,
from the commencement of the action or motion till satisfied.*

We take it that the Legislature in using the word *bind* intend-
ed to give the State something more than a *lien,* and place the
estate beyond the power of the owners, to sell or dispose of it,
and to shut off the defense of innocent purchasers after the com-
mencement of the action.
2. The appellees are *pendente lite* purchasers, and take their title
subject to prior liens and equities.
3. The fact that appellant, Johnson, had notice of the purchase by
appellees at the decretal sale, did not hinder him from buying
the property when he also had knowledge that *the State had
the first lien against it.* General Statutes, chap. 92, art. 11, sec.
9; General Statutes, chap. 38, art. 2, sec. 1; Mitchell v. Ashby,

Johnson v. Catron et als.

78 Ky., 254; Forman &c., v. Proctor &c., 9 B. M., page 124; Scott v. Coleman, 5 T. B. M., 73 and 74; Greer v. Wintersmith, 85 Ky., 516; Martin v. Kennedy, 83 Ky., 338.

JAMES D. BLACK, ATTORNEY FOR APPELLEES.

1. The judgment in favor of the Commonwealth was rendered February 20, 1890, the mortgage to the bank on the lots was executed September 7, 1899.

2. The *execution* in favor of the Commonwealth did not issue until December 26, 1861, and was placed in hands of officer, January 28, 1892. The *judgment* under the mortgage lien was rendered in November, 1891. The *sale* to appellant was made March 28, 1892, while the *sale* under the mortgage was made January 25, 1892. The *deed* to appellant was made April 11, 1895, while the *deed* under the mortgage sale was made August 31, 1893.

3. The word *"bind"* has been construed to be tantamount to the word *"lien,"* and has no stronger meaning.

4. The lien has no existence under the statute until the judgment is rendered. The mortgage lien, having been first enforced by judgment and sale, has priority. Harlan v. Lumsden, &c., 1 Duvall, 86; General Statutes, art. 14, sec. 1, chap. 38; also sec. 9, art. 1, chap. 92; sec. 13, art. 11, chap. 92; Forrest v. Phillips, 2 Met., 194; Cov. & Cin. Bridge Co. v. Walker, 2 Duvall 150; 2 Pomeroy's Equity Jurisprudence, sec. 754; Lindsay's heirs v. Rankin &c., 4 Bibb, 482; Hardin's Ex'rs v. Harrington &c., 11 Bush, 397;

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The controversy herein between appellant and appellees arose on an answer and cross petition of appellant in an equitable action pending in the Knox Circuit Court. The issue presented is as to the ownership of certain town lots in Barbourville. Appellant claims title derived through an execution sale made March 28, 1892, by the coroner of Knox county. The action, which proceeded to judgment against a sheriff and his sureties by the Commonwealth on the revenue bond, was filed May 28, 1889. Judgment was rendered February 20, 1890. The execution came to the officer's hands January 28, 1892, and was levied and sale made. The property levied on under the

execution was that of James T. Gibson, a surety on the sheriff's bond. Appellees' title is derived from Gibson, through a mortgage executed in September, 1889, to secure an indebtedness of Gibson, upon which mortgage an action was instituted in August, 1891, and sale made under decree on January 25, 1892, three days before the execution came to the hands of the officer, through which appellants claim title. The sale under the decree was confirmed and deed made. It thus appears that appellees' title antedates that of appellant, if the title of appellant is confined to the execution levy of January 28, 1892. The purchase price paid by appellees appears to have been full value,—over $1,000,—while the price paid by appellant was nominal, only $3.80. It is insisted by appellant that his title relates back to the 28th day of May, 1889, the date of the filing of the action by the Commonwealth against the sheriff and his sureties, including Gibson, by reason of section 9, article 11, chapter 92, General Statutes, as follows: "Judgments in the name of the Commonwealth against sheriff and other public collectors, their sureties, or the heirs, devisees or personal representatives of any of them, shall bind the estate, legal or equitable, of all the defendants to said judgments from the commencement of the action or motion till satisfied." There is no pretense that the judgment against the sheriff and Gibson attempted to adjudge a lien on the property of Gibson in favor of the Commonwealth, as provided by the statute supra; but the judgment was simply in personam, and awarded execution. The court below on trial, on the admitted and agreed facts, adjudged that the appellant by his purchase required only a lien for the amount of his bid and 10 per centum, as provided by statute, and that the property belonged to appellees. From that judg-

ment this appeal is prosecuted. We need not discuss the effect of section 9, quoted *supra*, as it appears not to have been proceeded under in the action by the Commonwealth.

We are of the opinion that the claim of appellant arose out of the levy of the execution, and his title can not antedate January 28, 1892, when the execution came to the hands of the coroner of Knox county. By section 1, article 2, chapter 38, General Statutes, it is provided, "A writ of *fieri facias* shall bind the estate of the defendant only from the time the same is delivered to the proper officer to execute." There is no provision of the law that will create a lien by execution as of any other date than as above provided; nor is there any provision, so far as we are advised, by which a statutory lien can be enforced under an execution. The usual mode to enforce statutory liens is by a judgment and decree and sale thereunder by the court's commissioner. In the proceeding against the sheriff and Gibson, the Commonwealth elected to take execution, instead of adjudging a lien; and a sale under that execution can not be held to relate back beyond the date it came to the officer's hands. Being of opinion that there is no error in the judgment appealed from, the same is affirmed.